UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  vs.<br><br>ARLEEN GADRINA CIFUENTES and<br>ROCIO MARGARITA CONTRERAS-LOYA,<br><br>      Defendants. | Case No. 1:14-CR-181-BLW<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

This matter having come before the Court on Plaintiff's Motion for

Preliminary Order of Forfeiture (ECF No. 36), and as a result of the guilty pleas of

ARLEEN GADRINA CIFUENTES and ROCIO MARGARITA CONTRERAS-

LOYA to Count One and Two, respectively, of the Indictment, for which the

Government sought forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.

§ 2461(c), the defendants shall forfeit to the United States all property constituting

or derived from proceeds the defendants obtained directly or indirectly as a result

of the violations of 18 U.S.C. § 1343.

The Court has determined, based on the Rule 11 Plea Agreements of

ARLEEN GADRINA CIFUENTES (ECF No. 30) and ROCIO MARGARITA

CONTRERAS-LOYA (ECF No. 23), and the factual bases set out therein, that the

property and property interests set out below are subject to forfeiture pursuant to

18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and that the government has established that the amount of at least $26,777.13 constitutes proceeds of the violations and is therefore subject to forfeiture.

The Court further finds that the above-described property was property which was involved in violations of 18 U.S.C. § 1343.

NOW, THEREFORE, IT IS HEREBY ORDERED, that the United States' Motion for Preliminary Order of Forfeiture (docket no. 36) is GRANTED and the following property be and is hereby forfeited pursuant to law:

A.    Cash Proceeds:  At least $26,777.13 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which constituted proceeds of the offenses of conviction, and was subsequently expended, spent, distributed or otherwise disposed of by the defendants.

B.    Substitute Assets:  Upon a showing that any of the properties and interests described above as being subject to forfeiture, as a result of any action or omission of the defendant above named:

1.    Cannot be located upon the exercise of due diligence;

2.    Has been transferred or sold to, or deposited with, a third person;

3.    Has been placed beyond the jurisdiction of the court;

4.    Has been substantially diminished in value; or

5.      Has been commingled with other property which cannot be subdivided without difficulty; the United States shall be authorized, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the said defendant up to the value of the forfeitable properties and interest herein.

The United States is further authorized, pursuant to Fed. R. Crim. P. 32(b)(3) and 32.2(c)(1)(B) to conduct any discovery, including depositions, necessary to (1) identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto, or any property that may be forfeited as substitute assets; and (2) to expedite ancillary proceedings related to any third party interests claimed pursuant to Section 853(n) herein. Such discovery shall be in accordance with the Federal Rules of Civil Procedure.

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall be and hereby is final as to the defendants and shall be made part of their sentences and included in the judgments at the time of sentencing.

This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).



DATED: March 25, 2015

B. Lynn Winmill
Chief Judge
United States District Court